UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                            :

UNITED STATES OF AMERICA           :     S3 12 Cr. 887 (ALC)
                            :
         - v. -               :
                            :

BENJAMIN DURANT,               :
                            :
         Defendant.         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## GOVERNMENT'S REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the jury.

## Table of Contents

**TABLE OF CONTENTS** ...................................................................................................................**I**

    REQUEST NO. 1: GENERAL REQUESTS ...........................................................................................1

    REQUEST NO. 2: SUMMARY OF INDICTMENT .................................................................................2

    REQUEST NO. 3: CONSPIRACY AND SUBSTANTIVE COUNTS ...........................................................3

**COUNT ONE: CONSPIRACY TO COMMIT SECURITIES FRAUD** ...........................................**4**

    REQUEST NO. 4: THE STATUTE AND THE CHARGE ..........................................................................4

    REQUEST NO. 5: GENERAL INSTRUCTIONS ....................................................................................5

    REQUEST NO. 6: ELEMENTS .........................................................................................................6

    REQUEST NO. 7: FIRST ELEMENT – EXISTENCE OF THE CONSPIRACY ...............................................7

    REQUEST NO. 8: SECOND ELEMENT -- MEMBERSHIP IN THE CONSPIRACY .....................................10

    REQUEST NO. 9: OVERT ACT IN FURTHERANCE OF THE CONSPIRACY ............................................13

    REQUEST NO. 10: LIABILITY FOR ACTS AND DECLARATIONS OF CO-CONSPIRATORS ......................15

    REQUEST NO. 11: TIME OF CONSPIRACY .....................................................................................16

    REQUEST NO. 12: VENUE ...........................................................................................................17

**COUNTS TWO AND THREE: SECURITIES FRAUD** ..............................................................**18**

    REQUEST NO. 13: THE STATUTE, THE RULE, AND THE CHARGE .....................................................18

    REQUEST NO. 14: THE STATUTORY PURPOSE ..............................................................................20

    REQUEST NO. 15: ELEMENTS OF THE OFFENSE ............................................................................22

    REQUEST NO. 16: FIRST ELEMENT ..............................................................................................23

    INSIDER TRADING SCHEME: GENERAL .........................................................................................23

    REQUEST NO. 17: FIRST ELEMENT ..............................................................................................26

    INSIDER TRADING SCHEME: RELATIONSHIP OF TRUST OR CONFIDENCE ..........................................26

    REQUEST NO. 18: FIRST ELEMENT ..............................................................................................28

    INSIDER TRADING SCHEME: BREACH OF A DUTY OF TRUST OR CONFIDENCE ...................................28

    REQUEST NO. 19: FIRST ELEMENT ..............................................................................................30

    INSIDER TRADING SCHEME: KNOWLEDGE OF A BREACH ................................................................30

    REQUEST NO. 20: FIRST ELEMENT ..............................................................................................32

    INSIDER TRADING SCHEME: USE OF INSIDE INFORMATION ............................................................32

    REQUEST NO. 21: SECOND ELEMENT ..........................................................................................34

    KNOWLEDGE, INTENT AND WILLFULNESS ....................................................................................34

    REQUEST NO. 22: THIRD ELEMENT .............................................................................................38

    INSTRUMENTALITY OF INTERSTATE COMMERCE ..........................................................................38

    REQUEST NO. 23: AIDING AND ABETTING ...................................................................................40

    REQUEST NO. 24: WILLFULLY CAUSING A CRIME ........................................................................42

    REQUEST NO. 25: INSIDE INFORMATION DOES NOT HAVE TO BE SOLE REASON FOR TRADING ..........43

**ADDITIONAL CHARGES** .......................................................................................................**44**

    REQUEST NO. 26: PROOF OF PROFIT NOT NECESSARY ..................................................................44

    REQUEST NO. 27: SECURITIES FRAUD – VENUE ..........................................................................45

    REQUEST NO. 28: PARTICULAR INVESTIGATIVE TECHNIQUES NOT REQUIRED .................................46

    REQUEST NO. 29: STIPULATIONS .................................................................................................47

    REQUEST NO. 30: UNCALLED WITNESSES – EQUALLY AVAILABLE TO BOTH SIDES .........................48

    REQUEST NO. 31: EXPERT TESTIMONY ........................................................................................49

    REQUEST NO. 32: ACCOMPLICE OR COOPERATING WITNESS TESTIMONY ......................................50

    REQUEST NO. 33: ACCOMPLICE TESTIMONY – GUILTY PLEA ........................................................53

    REQUEST NO. 34: DEFENDANT'S TESTIMONY ..............................................................................54

    REQUEST NO. 35: DEFENDANT'S RIGHT NOT TO TESTIFY ..............................................................55

    REQUEST NO. 36: PREPARATION OF WITNESSES ...........................................................................56

    REQUEST NO. 37: LAW ENFORCEMENT WITNESSES ......................................................................57

    REQUEST NO. 38: USE OF RECORDINGS AND TRANSCRIPTS ..........................................................58

    REQUEST NO. 39: REDACTION OF EVIDENTIARY ITEMS ................................................................59

REQUEST NO. 40: SUMMARY CHARTS ................................................................................................60
REQUEST NO. 41: CHARACTER TESTIMONY ........................................................................................61
REQUEST NO. 42: SIMILAR ACTS – INTENT/KNOWLEDGE/ABSENCE OF MISTAKE ...........................62
REQUEST NO. 43: PERSONS NOT ON TRIAL.......................................................................................63
REQUEST NO. 44: CONSCIOUSNESS OF GUILT FROM EVIDENCE OF FALSE EXCULPATORY STATEMENTS ...64
REQUEST NO. 45: VARIANCE IN DATES AND AMOUNTS......................................................................65
REQUEST NO. 46: IMPROPER CONSIDERATIONS: RACE, RELIGION, NATIONAL ORIGIN, SEX, OR AGE....66
REQUEST NO. 47: CONCLUSION.........................................................................................................67

<u>REQUEST NO. 1: General Requests</u>

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

    a.  Function of Court And Jury

    b.  Indictment Not Evidence

    c.  Statements of Court And Counsel Not Evidence

    d.  Burden of Proof And Presumption Of Innocence

    e.  Jury's Recollection Controls

    f.  Reasonable Doubt

    g.  Government Treated Like Any Other Party

    h.  Definitions, Explanations, and Example of Direct And Circumstantial Evidence

    i.  Inferences

    j.  Interest in Outcome

    k.  Rulings on Evidence and Objections

    l.  Credibility of Witnesses

    m.  Right to See Exhibits and Have Testimony Read During Deliberations

    n.  Sympathy: Oath of Jurors

    o.  Punishment Is Not To Be Considered By The Jury

    p.  Verdict Of Guilt Or Innocence Must Be Unanimous

    q.  Duties of the Foreperson and Return of Verdict Form

REQUEST NO. 2: Summary Of Indictment

The defendant – BENJAMIN DURANT – is formally charged in an Indictment. The Indictment, of course, is not evidence, but simply contains the formal charges against the defendant.  The Indictment contains three charges or counts.  Each count charges a separate crime.  Although there are facts in common to different counts, each count must be considered separately. You must return a separate verdict as to each count.  I will not read the entire Indictment to you at this time.  Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each of the offenses.

Count One of the Indictment charges the defendant with conspiracy to violate the federal statute that makes it unlawful to commit securities fraud, specifically a certain kind of securities fraud called "insider trading."  More specifically, Count One charges that the defendant conspired with others to obtain, share and trade on material non-public information about the pending acquisition of a company, SPSS Inc., which the Indictment refers to as "Inside Information."  The Indictment alleges that this Inside Information was obtained in violation of a duty of trust and confidence owed to the source of that information.

Counts Two and Three each charge the defendant with specific instances of insider trading in the securities of SPSS Inc.

<u>REQUEST NO. 3:  Conspiracy and Substantive Counts</u>

Count One of the Indictment is a conspiracy count.  Counts Two and Three of the Indictment are referred to as substantive counts. Unlike the conspiracy charge, which is a charge of agreeing to commit an offense, the substantive counts are based on the actual commission of offenses.  First, I will instruct you on the conspiracy charge.  I will then instruct you on the substantive charges.

<u>Count One: Conspiracy to Commit Securities Fraud</u>

<u>REQUEST NO. 4:  The Statute and the Charge</u>

Count One of the Indictment charges the defendant with conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371.  That section provides as follows:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose and one or more of such persons do any act to effect the object of the conspiracy, each [is guilty of a crime].

More specifically, Count One charges that the defendant conspired with others to buy securities of SPSS Inc. based on material, nonpublic information obtained in violation of a duty of trust and confidence owed to the source of that information.

> Adapted from the charge of the Hon. Richard J. Sullivan, <u>United States</u> v. <u>Steinberg</u>, 12 Cr. 121 (RJS).

REQUEST NO. 5: General Instructions
Count One: Conspiracy to Commit Securities Fraud

A conspiracy is a kind of criminal partnership. The essence of the crime of conspiracy is an agreement or understanding to violate another law. The crime of conspiracy – or unlawful agreement – is an independent offense. That is, a conspiracy is separate and distinct from the actual violation of any specific federal law. The actual violation of any specific federal law is referred to as a "substantive crime."

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the object of the conspiracy is not achieved. This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture. The law of conspiracy serves ends different from, and complimentary to, those served by criminal prohibitions of the substantive offense.

Given that a conspiracy and a substantive crime are distinct and independent offenses, you may find the defendant guilty of the crime of conspiracy even if you find that he never actually committed the substantive crimes that were the objects of the conspiracy.  By the same token, you can find the defendant guilty of committing the substantive crimes, even if you find the defendant not guilty of conspiracy to commit them.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 19-1, 19-2; the charge of the Hon. Richard J. Sullivan, United States v. Steinberg, 12 Cr. 121 (RJS); and the charge of the Hon. Richard J. Holwell, United States v. Rajaratnam, 09 Cr. 1184 (RJH).

<u>REQUEST NO. 6: Elements</u>
Count One: Conspiracy to Commit Securities Fraud

Let me now instruct you about the law of conspiracy.  A conspiracy is a kind of criminal partnership – an agreement of two or more persons to join together to accomplish some unlawful purpose.  In order to sustain its burden of proof with respect to the conspiracy charge set forth in Count One of the Indictment, the Government must prove beyond a reasonable doubt each of the following three elements:

<u>First</u>, the Government must prove that the charged conspiracy existed.  That is, that there was an agreement or understanding among at least two people to violate the laws of the United States.

<u>Second</u>, the Government must prove that the defendant knowingly and willfully became a member of that conspiracy.

<u>Third</u>, the Government must prove that any one of the members of the conspiracy – not necessarily the defendant, but any one of the people involved in the conspiracy – knowingly committed at least one overt act in furtherance of the conspiracy.

We will separately consider each of these three elements.

> Adapted from Sand, Modern Federal Jury Instructions, Instruction 19-3; the charge of the Hon. Jed S. Rakoff, <u>United States</u> v. <u>Whitman</u>, 12 Cr. 125 (JSR); the charge of the Hon. Richard J. Sullivan, <u>United States</u> v. <u>Steinberg</u>, 12 Cr. 121 (RJS); and the charge of the Hon. Valerie E. Caproni, <u>United States</u> v. <u>Riley</u>, 13 Cr. 339 (VEC).

REQUEST NO. 7: First Element – Existence of the Conspiracy
Count One: Conspiracy to Commit Securities Fraud

The first element that the Government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered into the unlawful agreement alleged in Count One of the Indictment.  In other words, the Government must prove that there in fact was an agreement or understanding to violate those provisions of the law which make it unlawful to engage in insider trading.

A conspiracy is a combination or agreement or understanding of two or more people to accomplish by concerted or collective action a criminal or unlawful purpose.  With respect to the conspiracy charged in Count One of the Indictment, the unlawful purpose alleged to have been the object of the conspiracy was the violation of those provisions of the law that make it illegal to engage in insider trading.  The ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not required.

The gist, or the essence, of the crime of conspiracy is the unlawful agreement between two or more people to violate the law.  The first element of the crime of conspiracy thus has two parts:  (1) an agreement and (2) an illegal object of the conspiracy.  I am now going to describe both parts of this element to you.

A.  An Agreement

First, to meet its burden of proof on this element, the prosecution must prove that there was an agreement.  Now, to show a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details. Common sense tells you that when people agree to enter into a criminal conspiracy, much is left to the unexpressed understanding.  It is rare that a conspiracy can be proven by direct evidence of an

7

explicit agreement.  Conspirators do not usually reduce their agreements to writing.  They don't typically publicly broadcast their plans.  By its very nature, a conspiracy is almost always secret in its origin and execution.

It is enough if two or more people, in some way or manner, explicitly or implicitly, come to an understanding to violate the law and to accomplish an unlawful plan.  Express language or specific words are not required to indicate assent or agreement to form the conspiracy.  You need only find that two or more people entered into the unlawful agreement alleged in Count One in order to find that a conspiracy existed.

If you find beyond a reasonable doubt that two or more persons came to an understanding, express or implied, to violate the law and to accomplish an unlawful plan, then the Government will have sustained its burden of proof as to this element.

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.  In determining the factual issues before you, you may take into account against the defendant any acts done or statements made by any of the alleged co-conspirators during the course of the conspiracy, even though such acts or statements were not made in the presence of the defendant or were made without his knowledge.  The old adage, "actions speak louder than words," applies here.  Often, the only evidence that is available with respect to the existence of a conspiracy is that of various acts on the part of the alleged individual co-conspirators.  When taken all together and considered as a whole, however, that conduct may warrant the inference that a conspiracy existed just as conclusively as more direct proof, such as evidence of an express agreement.

So, you must first determine whether or not proof established beyond a reasonable doubt the existence of the conspiracy charged in Count One of the Indictment.  In considering this first

element, you should consider all the evidence that has been admitted with respect to the conduct

and statements of each alleged co-conspirator, and any inferences that may reasonably be drawn

from that conduct and those statements.  It is sufficient to establish the existence of a conspiracy,

as I have already said, if, from the proof of all the relevant facts and circumstances, you find

beyond a reasonable doubt that two alleged co-conspirators had an understanding to accomplish

the objectives of the conspiracy charged in the Indictment.

B. <u>Object of the Conspiracy</u>

With respect to the conspiracy alleged in Count One of the Indictment, you must also find

that the alleged conspiracy had an illegal objective.  The object of a conspiracy is the illegal goal

that the co-conspirators agree or hope to achieve.  Here, the defendant is charged in Count One

with agreeing with others to commit a type of securities fraud known as insider trading.  Once I

have finished explaining the elements of conspiracy, I will explain to you the elements of that

substantive crime.  If you find that the defendant and others agreed to accomplish the object

charged in Count One, the illegal purpose element will be satisfied.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 19-4;
> the charge of the Hon. Jed S. Rakoff, <u>United States</u> v. <u>Whitman</u>, 12
> Cr. 125 (JSR); the charge of the Hon. Richard J. Sullivan, <u>United
> States</u> v. <u>Steinberg</u>, 12 Cr. 121 (RJS); the charge of the Hon.
> Valerie E. Caproni, <u>United States</u> v. <u>Riley</u>, 13 Cr. 339 (VEC); and
> the charge of the Hon. Loretta A. Preska, <u>United States</u> v.
> <u>Cespedes</u>, 00 Cr. 390 (LAP).

REQUEST NO. 8: Second Element -- Membership in the Conspiracy
Count One: Conspiracy to Commit Securities Fraud

If you conclude that the prosecution has proven beyond a reasonable doubt that the conspiracy charged in the Indictment existed, and that the conspiracy had as its object the illegal purpose charged in the Indictment, then you must next determine the second question, and that is whether the defendant joined the conspiracy with knowledge of its unlawful purpose and with the specific intent to further its unlawful objective.

The Government must prove beyond a reasonable doubt that the defendant knowingly and willfully entered into the conspiracy (that is the agreement) with a criminal intent (that is, with a purpose to violate the law) and that he agreed to take part in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering its objective.  In this case, that objective was the offense of insider trading.

I will now define the terms "knowingly" and "willfully," which I have used.  An act is done "knowingly" if it is done purposefully and deliberately and not because of mistake, accident, mere negligence or some other innocent reason.  "Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law.

Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.  However, you do have before you the evidence of certain acts and conversations alleged to have taken place with the defendant or in his presence.  The Government alleges that these acts and conversations show, beyond a reasonable doubt, the defendant's knowledge of the unlawful purposes of the conspiracy.  It is for you to determine whether the Government has established beyond a reasonable doubt that such knowledge and intent on the part of the defendant existed.

It is not necessary that a defendant be fully informed as to all the details of the conspiracy in order to justify an inference of guilty knowledge on his part.  To have knowledge of a conspiracy, a defendant need not have known the full extent of the conspiracy or all of its activities of all its participants.  It is not even necessary for a defendant to know every other member of a conspiracy. In fact, a defendant may know only one other member of a conspiracy and still be a co-conspirator.  Nor is it necessary that a defendant receive any monetary benefit from participating in the conspiracy or have a financial stake in the outcome so long as he, in fact, participated in the conspiracy in the manner I have explained.  But, if you find that the defendant had a financial stake in the outcome of the alleged conspiracy, then you may consider that as a factor in deciding whether he was a member of the conspiracy.

The duration and extent of a defendant's participation in a conspiracy has no bearing on the issue of a defendant's guilt.  He need not have joined the conspiracy at the outset.  He may have joined at any time in its progress, and he will still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member. Each member of a conspiracy may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles, while others play minor roles in the scheme. An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.

However, I want to caution you that the mere association by one person with one who is a conspirator does not make that person a member of the conspiracy even when he knows that a conspiracy is taking place.  Mere presence at the scene of a crime, even when coupled with knowledge that a crime is taking place, is not sufficient to support a conviction of that crime.  In other words, knowledge without participation is not sufficient to convict a person of conspiracy.

11

What is required or necessary is that the defendant participated in the conspiracy with knowledge of its unlawful purpose and with an intent to aid in the accomplishment of its unlawful objective.

In sum, the Government has the burden to prove beyond a reasonable doubt that the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering an illegal undertaking.  The Government has the burden to prove beyond a reasonable doubt that the defendant, thereby, became a knowing and willing participant in the unlawful agreement – that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members. So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated himself from it.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 3A-1, 19-6; the charge of the Hon. Richard J. Sullivan, United States v. Steinberg, 12 Cr. 121 (RJS); the charge of the Hon. Valerie E. Caproni, United States v. Riley, 13 Cr. 339 (VEC); the charge of the Hon. Richard J. Holwell, United States v. Rajaratnam, 09 Cr. 1184 (RJH); the charge of the Hon. Richard J. Sullivan, United States v. Contorinis, 09 Cr. 1083 RJS); and the charge of the Hon. Robert P. Patterson, United States v. Naseem, 07 Cr. 610 (RPP).

<u>REQUEST NO. 9: Overt Act in Furtherance of the Conspiracy</u>
Count One: Conspiracy to Commit Securities Fraud

The third element, which the Government must prove beyond a reasonable doubt to establish the offense of conspiracy, is that at least one of the co-conspirators – not necessarily the defendant – committed at least one overt act in furtherance of the conspiracy.

The purpose of the overt act requirement is that there must be some overt step or action by at least one of the conspirators in furtherance of the conspiracy. Let me put it colloquially. The overt act element is a requirement that the agreement went beyond the mere talking stage, the mere agreement stage. The requirement of an overt act is a requirement that some action be taken during the life of the conspiracy by one of the coconspirators in order to further that conspiracy.

You are not required to find that the specific overt acts identified in the Indictment were committed. You may find that overt acts were committed that are not alleged in the Indictment. The only requirement is that one of the members of the conspiracy – again, not necessarily the defendant – has taken some step or action in furtherance of the conspiracy during the life of the conspiracy.

You are further instructed that the overt act need not have been committed at precisely the time alleged in the Indictment. It is sufficient if you are convinced beyond a reasonable doubt that it occurred at or about the time and place stated, as long as it occurred while the conspiracy was still in existence. However, you must all agree on at least one overt act that a conspirator committed in order to satisfy this element. In other words, it is not sufficient for you to agree that some overt act was committed, without agreeing on which overt act was committed.

13

You should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme.  You are therefore instructed that the overt act does not have to be an act that in and of itself is criminal or constitutes an objective of the conspiracy.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 19-8; the charge of the charge of the Hon. Richard J. Sullivan, United States v. Steinberg, 12 Cr. 121 (RJS); the charge of the Hon. Valerie E. Caproni, United States v. Riley, 13 Cr. 339 (VEC); and the charge of the Hon. Loretta A. Preska, United States v. Cespedes, 00 Cr. 390 (LAP).

<u>REQUEST NO. 10: Liability For Acts And Declarations Of Co-Conspirators</u>
Count One: Conspiracy to Commit Securities Fraud

When considering the conspiracy charged in Count One – I instruct you that when people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.

In determining the factual issues before you, you may consider against the defendant any acts or statements made by any of the people that you find, under the standards I have already described, to have been his co-conspirators, even though such acts or statements were not made in his presence, or were made without his knowledge.

See <u>United States</u> v. <u>Mastropieri</u>, 685 F.2d 776, 786-90 (2d Cir. 1982)(specifically mandating that juries not be invited to reconsider admissibility of co-conspirator hearsay)

<u>REQUEST NO. 11: Time of Conspiracy</u>
Count One: Conspiracy to Commit Securities Fraud

The Indictment charges that the alleged conspiracy existed from in or about June 2009 through in or about July 2009.  It is not essential that the Government prove that the conspiracy started and ended on any specific date.  Indeed, it is sufficient if you find that in fact that charged conspiracy was formed and that it existed for some time within the period set forth in the Indictment, and that at least one overt act was committed in furtherance of the conspiracy within that period.

This is also a good opportunity to instruct you that it does not matter if a specific event or transaction is alleged to have occurred on or about a certain date, and the evidence indicates that in fact it occurred on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony and other evidence.

Adapted from the charge of the Hon. Richard J. Sullivan, <u>United States</u> v. <u>Contorinis</u>, 09 Cr. 1083 RJS); and the charge of the Hon. Loretta A. Preska, <u>United States</u> v. <u>Cespedes</u>, 00 Cr. 390 (LAP).

<u>REQUEST NO. 12: Venue</u>
Count One: Conspiracy to Commit Securities Fraud

In addition to the elements of conspiracy that I have discussed, you must also consider the issue of venue, namely, whether the conspiracy was formed or whether any act in furtherance of the conspiracy occurred within the Southern District of New York, which includes Manhattan. It is sufficient to find venue in the Southern District of New York if you find that the conspiracy was formed or that the defendant or any co-conspirator committed any act in furtherance of the conspiracy in this district during the existence of the conspiracy.

I should note that on this issue – and this issue alone – the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that an overt act in furtherance of the crime charged occurred in the Southern District of New York.

> Adapted from the charge of the Hon. Jed S. Rakoff, <u>United States</u>
> v. <u>Whitman</u>, 12 Cr. 125 (JSR); the charge of the Hon. Paul G.
> Gardephe, <u>United States</u> v. <u>Martoma</u>, 12 Cr. 973 (PGG).

<u>Counts Two and Three: Securities Fraud</u>

<u>REQUEST NO. 13: The Statute, the Rule, and the Charge</u>
Counts Two and Three: Securities Fraud

I have just explained to you the elements of the conspiracy charge, which is Count One.  I now want to explain to you the elements of Counts Two and Three, the substantive securities fraud counts, which in this case allege a type of securities fraud called insider trading.  As I explained to you earlier, the Indictment alleges that violation of the securities fraud statute was the "object" or purpose of the conspiracy charged in Count One, although in order to be guilty of the charged conspiracy the Government need not prove that the underlying offense was committed.  With respect to Counts Two and Three, the Government must prove that the defendant committed the substantive offense in order for you to find him guilty on those counts. The relevant statute is Section 10(b) of the Securities Exchange Act of 1934, which is codified at Title 15, United, States Code, Section 78j (b). That law provides in pertinent part:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or any facility of any national securities exchange . . .
>
> (b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange Commission] may proscribe as necessary or appropriate in the public interest or for the protection of investors.

I will now read the relevant portion of the regulations.  Rule 10b-5 reads as follows:

> **Employment of manipulative and deceptive devices**.  It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of any facility of any national securities exchange,
>
> (a) To employ any device, scheme, or artifice to defraud, [or]

(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

Adapted from the charge of the Hon. Richard J. Sullivan, <u>United States</u> v. <u>Steinberg</u>, 12 Cr. 121 (RJS).

REQUEST NO. 14:  The Statutory Purpose
Counts Two and Three: Securities Fraud

The Securities Exchange Act of 1934 was the second of two laws passed by Congress to provide a comprehensive plan to protect the investing public in the purchase and sale of securities that are publicly distributed.

The stock market crash of 1929 led to much legislation in the area of federal regulation. Included in this regulation was the Securities Act of 1933 and the creation of the SEC.  The Securities Act of 1933 was enacted to protect the investing public in the purchase of stock that is publicly distributed.  The Securities Act of 1933 provides a comprehensive plan requiring full and fair disclosure of all important facts in connection with a distribution of stock.  Such disclosures are designed to enable the investing public to make realistic appraisals of the merits of stocks so that investors may make informed investment decisions.

When it enacted the Securities Act of 1933, Congress recognized that the purchase of a stock is different from the purchase of a vegetable bought in the grocery store in that the average investor is not in a position to make a personal investigation to determine the worth, quality and value of stocks.

Following the enactment of the Securities Act of 1933 requiring full and fair disclosure relating to the offering of stock to the investing public, Congress enacted the Securities Exchange Act of 1934 to ensure fair dealing and outlaw deceptive and inequitable practices by those selling or buying securities on the securities exchanges.  Among the primary objectives of the Securities Exchange Act of 1934 are the maintenance of fair and honest security markets and the elimination of manipulative practices that tend to distort the fair and just price of stock. Congress recognized that any deceptive or manipulative practice that influenced or related to trading activity undermined the function and purpose of a free market.

20

Adapted from the charge of the Hon. Richard J. Sullivan, <u>United States</u> v. <u>Steinberg</u>, 12 Cr. 121 (RJS); the charge of the Hon. Richard J. Holwell, <u>United States</u> v. <u>Rajaratnam</u>, 09 Cr. 1184 (RJH); and the charge of the Hon. Loretta A. Preska, <u>United States</u> v. <u>Cespedes</u>, 00 Cr. 390 (LAP).

REQUEST NO. 15: Elements of the Offense
Counts Two and Three: Securities Fraud

In order to find the defendant guilty of the substantive crime of securities fraud as alleged in Counts Two and Three, you must find that the Government has proven each of the following three elements beyond a reasonable doubt:

First, that in connection with the purchase or sale of the security specified in the count you are considering, the defendant employed a device, scheme or artifice to defraud, or engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon some person;

Second, that the defendant acted willfully, knowingly and with the intent to defraud; and

Third, that the defendant knowingly used or caused to be used, any means or instrument of transportation or communication in interstate commerce, or the use of the mails, or any facility of any national securities exchange in furtherance of the fraudulent conduct.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 57-20; the charge of the Hon. Jed S. Rakoff, United States v. Whitman, 12 Cr. 125 (JSR); the charge of the Hon. Richard J. Sullivan, United States v. Steinberg, 12 Cr. 121 (RJS); the charge of the Hon. Richard J. Sullivan, United States v. Contorinis, 09 Cr. 1083 (RJS); and the charge of the Hon. Loretta A. Preska, United States v. Cespedes, 00 Cr. 390 (LAP).

<u>REQUEST NO. 16: First Element</u>
<u>Insider Trading Scheme: General</u>
Counts Two and Three: Securities Fraud

The first element that the Government must prove beyond a reasonable doubt is that, in connection with the purchase of the security specified in the count of the Indictment that you are considering, the Defendant employed a device, scheme or artifice to defraud, or engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a seller of the specified stock.

A "device, scheme or artifice to defraud" is merely a plan for the accomplishment of any fraudulent objective.

"Fraud" is a general term that embraces all efforts and means that individuals devise to take advantage of others.

The specific "device, scheme or artifice to defraud," or "act, practice, or course of business" that the Government alleges the Defendant employed is known as "insider trading." The law prohibits a person from trading in securities based on material nonpublic information, if the person knows that the material, nonpublic information was disclosed in breach of a duty of trust or confidence. Put another way, in some cases (such as what has been alleged in this case), insider trading occurs when a person receives material, nonpublic information, or a tip, and uses that information to trade securities with knowledge that such information was obtained, or misappropriated, by another person in breach of a duty. Thus, the Government must prove beyond a reasonable doubt that the defendant received information, knowing that it had been misappropriated, or obtained in breach of a duty, and that the defendant then either (a) traded in securities on the basis of that information or (b) further disclosed the information to others. A person who receives material, nonpublic information engages in an act of fraud or deceit under

23

the federal securities laws if he buys or sells securities based in some part on material, nonpublic information that he knows was disclosed by another person in breach of a duty.  A tippee need not personally owe any duty of trust or confidence which prevented him or her from buying and selling the securities in question.

Specifically, in this case, the Indictment alleges that Trent Martin, the "tipper," misappropriated inside information in breach of a duty of trust and confidence that he owed to Michael Dallas.  BENJAMIN DURANT is not charged with being a "tipper" or "insider," but rather is charged with being a "tippee," that is, based on the allegations that the defendant received material, nonpublic information and wrongfully used it for his own benefit when he knew that the information had been disclosed in violation of a duty.  In order to find that the Government has established the first of the three essential elements of the crime of insider trading – namely, that, in connection with the purchase or sale of a security, the Defendant employed a device, scheme or artifice to defraud, or engaged in a course of conduct that operated, or would operate, as a fraud or deceit upon the source of the information – the Government must prove each of the following four things beyond a reasonable doubt:

First, that the person who obtained inside information, the tipper in this case, Trent Martin, had a relationship of trust and confidence with the source of information, Michael Dallas, and as a result of that relationship was entrusted with information with the reasonable expectation that Martin would keep it confidential and would not use it for personal benefit.

Second, that Trent Martin directly or indirectly breached that duty of trust and confidence by misusing the material, nonpublic information about the IBM/SPSS Transaction, by either trading himself or by disclosing it to others;

Third, that the defendant knew that the information he obtained had been disclosed in breach of a duty; and

Fourth, that the defendant used in some way the material, nonpublic information he received to purchase the security you are considering.

Several of these terms have specific meanings under federal law, which I will explain to you now.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 57-23; the charge of the Hon. Richard J. Sullivan, United States v. Steinberg, 12 Cr. 121 (RJS); the charge of the Hon. Jed S. Rakoff, United States v. Whitman, 12 Cr. 125 (JSR); the charge of the Hon. Richard J. Sullivan, United States v. Contorinis, 09 Cr. 1083 (RJS); and the charge of the Hon. Kimba M. Wood, United States v. McDermott, 00 Cr. 61 (KMW).

See United States v. Libera, 989 F.2d 596, 600 (2d Cir. 1993) (the following "two elements, without more, are sufficient for tippee liability": (1) there is a breach by the tipper of a duty owed to the owner of the nonpublic information; and (2) the tippee had knowledge that the tipper had breached a duty); United States v. Falcone, 257 F. 3d 226, 234 (2d Cir. 2001) (holding that "to support a conviction of the tippee defendant, the government was simply required to prove a breach by, [] the tipper, of a duty owed to the owner of the misappropriated information, and the defendant's knowledge that the tipper had breached the duty"); United States v. Mylett, 97 F.3d 663, 668 (2d Cir. 1996) (explaining that tippee defendants must "subjectively believe that the [inside] information was obtained in breach of a fiduciary duty").

REQUEST NO. 17: First Element
Insider Trading Scheme: Relationship of Trust or Confidence
Counts Two and Three: Securities Fraud

With respect to the first factor I just mentioned, the Government must prove beyond a reasonable doubt that the tipper, Trent Martin, had a fiduciary or other duty of trust and confidence to the source, Michael Dallas, and, as a result of that duty, or relationship, was entrusted with material, nonpublic information with the reasonable expectation that he would keep it confidential and would not use it for personal benefit.

A person will be considered to have a "duty of trust and confidence" if the Government proves beyond a reasonable doubt that he had assumed a special confidential relationship affording him access to material confidential information intended to be available only for the purposes of that confidential relationship, and not for his personal benefit.

A "duty of trust or confidence" can exist when the parties to the communication have a history, pattern, or practice of sharing confidences, such that the recipient of the information knows or reasonably should know that the person communicating the material nonpublic information expects that the recipient will maintain its confidentiality.  In this regard, not every friendship creates the necessary relationship.  Rather, the friendship must have involved the sharing and maintaining of confidences.

Whether such a relationship of trust or confidence existed between the alleged tipper, Trent Martin, and his source of information, Michael Dallas, is ultimately a question of fact for you to determine.  In short, the existence of such a duty depends on the relationship between the tipper (Martin) and the source of information (Dallas).

> Adapted from the charge of the Hon. Richard J. Sullivan, United States v. Steinberg, 12 Cr. 121 (RJS); the charge of the Hon. Richard J. Sullivan, United States v. Contorinis, 09 Cr. 1083 (RJS); and the charge of the Hon. Robert P. Patterson, United

26

States v. Naseem, 07 Cr. 610 (RPP); and the charge of the Hon.
Kimba M. Wood, United States v. McDermott, 00 Cr. 61 (KMW).

REQUEST NO. 18: First Element
Insider Trading Scheme: Breach of a Duty of Trust or Confidence
Counts Two and Three: Securities Fraud

If you find that Mr. Martin owed a duty of trust and confidence to Mr. Dallas, then you must next consider whether the Government has proven beyond a reasonable doubt that he intentionally breached that duty of trust and confidence by misappropriating and/or disclosing material, nonpublic information.  I will now define for you the terms "nonpublic" and "material."

A.  Nonpublic Information

In order to satisfy this element, you must be persuaded beyond a reasonable doubt that the information disclosed by the tipper, Trent Martin, was "nonpublic" at the time it was disclosed.  Information is nonpublic if it was not available to the public through such sources as press releases, Securities and Exchange Commission filings, trade publications, analyst reports, newspapers, magazines, television, radio, rumors, word of mouth, websites, internet chat rooms, or online message boards.  The key word is whether the information is "available."  If the information is out there in public media or in SEC filings open to the public, or if the company would give it to people who ask for it, it is public.

It is important to recognize, however, that whether information is public or nonpublic does not turn only on whether it has appeared in a newspaper, whether there has been a public announcement, or how many people have been made aware of it.  Sometimes a corporation is willing to make information available to securities analysts or prospective investors who ask for it even though it may never have appeared in any newspaper or other publication.  Such information would be public.  For example, if IBM or SPSS policy was to give out certain information to people who ask for it, that information is public information.  Accordingly, information is not necessarily nonpublic simply because there has been no formal announcement

28

or because only a few people have been made aware of it. Whether information is nonpublic is an issue of fact for you to decide.

On the other hand, the confirmation by a tipper of unconfirmed facts or rumors – even if reported in a newspaper or research report – may itself be inside information.  Information from a tipper that is more reliable and specific than unconfirmed facts or public rumors is nonpublic information despite the existence of such rumors in the media or investment community. Whether or not the confirmation of a rumor by an insider qualifies as material, nonpublic information is an issue for you to decide.

B.  <u>Material Information</u>

In addition, in order to satisfy this element, you must also be persuaded, beyond a reasonable doubt that the information disclosed was not only "nonpublic," but also "material," at the time the information was disclosed.  Within the particular context of the purchase and sale of securities, material information is information which a reasonable investor would have considered significant in deciding whether to buy, sell, or hold securities, and at what price to buy or sell.  Put another way, there must be a substantial likelihood that the fact would have been viewed by a reasonable investor as having significantly altered the total mix of information then available.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 57-23; the charge of the Hon. Jed S. Rakoff, <u>United States</u> v. <u>Whitman</u>, 12 Cr. 125 (JSR); the charge of the Hon. Richard J. Sullivan, <u>United States</u> v. <u>Steinberg</u>, 12 Cr. 121 (RJS); the charge of the Hon. Richard J. Sullivan, <u>United States</u> v. <u>Contorinis</u>, 09 Cr. 1083 (RJS); and the charge of the Hon. Robert P. Patterson, <u>United States</u> v. <u>Naseem</u>, 07 Cr. 610 (RPP).

REQUEST NO. 19: First Element
Insider Trading Scheme: Knowledge of a Breach
Counts Two and Three: Securities Fraud

To meet its burden, the Government must also prove beyond a reasonable doubt that the defendant knew that the material, nonpublic information had been disclosed in breach of a duty. The mere receipt of material, nonpublic information by the defendant, and even trading on that information, is not sufficient; he must have known that it was disclosed in violation of a duty of confidentiality. At the same time, however, the defendant does not have to receive the material nonpublic information directly from the individual who violated a duty of confidentiality.

As to the defendant's knowledge that the material, nonpublic information had been disclosed in breach of a duty of trust and confidentiality, it is not necessary that the defendant know the specific circumstances of the breach, how the breach occurred, the specific duty that was violated, or even the identity of the original tipper. Rather, it is sufficient that the defendant had a general understanding that the information had been disclosed in violation of a duty of trust and confidence. The Government is required to prove, however, that the defendant understood that the inside information was obtained as a result of an improper disclosure, or in breach of a duty, irrespective of the defendant's knowing exactly what the duty was or to whom it was owed.

In addition, and as I will soon explain in greater detail, the defendant's knowledge of such facts may be established by proof that the defendant, aware of a high probability that a tipper was improperly disclosing inside information, and not actually believing otherwise, deliberately avoided learning the truth; in other words, not that he was merely negligent in finding out a fact but rather that he purposely blinded himself to obtaining actual knowledge of an obvious fact because he had a conscious purpose to avoid learning the truth.

Adapted from the charge of the Hon. Richard J. Sullivan, United
States v. Steinberg, 12 Cr. 121 (RJS) and United States v.

30

Newman, 12 Cr. 121 (RJS); the charge of  the Hon. Jed S. Rakoff's jury charge in United States v.  Whitman, 12 Cr. 125 (JSR).

See also United States v. Mylett, 97 F.3d 663, 668 (2d Cir. 1996) (explaining that tippee defendants must "subjectively believe that the [inside] information was obtained in breach of a fiduciary duty"); SEC v. Thrasher, 152 F. Supp. 2d 291, 304 (S.D.N.Y. 2001) (a remote tippee need not know "for certain how the initial breach of fiduciary duty occurred"); SEC v. Conradt, et al., 12 Civ. 8676 (JSR) at 9 (same).

REQUEST NO. 20: First Element
Insider Trading Scheme: Use of Inside Information
Counts Two and Three: Securities Fraud

The Government must prove beyond a reasonable doubt that the defendant used material, nonpublic information in connection with the purchase or sale of the securities identified in the substantive count that you are considering. A person uses material, nonpublic information in connection with a securities purchase or sale if that information is a factor, however small, in his decision to buy or sell the security.

How do you tell whether a person who has material, nonpublic information and who buys or sells securities while in possession of that information "uses" the information to do so? Bear in mind that the law requires only that the information be one factor in the decision to buy or sell. It need not be the only consideration. You should consider also the materiality of the information – in other words, how significant the information would be in deciding upon whether to buy or sell. In many circumstances, the more important the information, the more likely it is that the information was a factor in the decision. If, after considering all the circumstances, you are persuaded beyond a reasonable doubt that material, nonpublic information given to the defendant either directly or indirectly by an insider was a factor, however small, in the defendant's decision to buy or sell shares (or options), then this element will have been satisfied.

Finally, if you find that a Defendant used material, non-public information that he knew was disclosed as a result of a breach of a duty, you must then determine whether the device, scheme or artifice to defraud was "in connection with" the purchase of the security specified in the count you are considering. However, you need not find that the Defendant actually participated in any securities transaction if the Defendant was engaged in fraudulent conduct that

was "in connection with" a purchase or sale of a security.  The "in connection with" element is

satisfied if you find there was some nexus or relation between the allegedly fraudulent conduct

and the purchase of the security in the count you are considering.

Fraudulent conduct may be "in connection with" the purchase or sale of a security if you

find that the alleged fraudulent conduct "touched upon" a securities transaction on a national

securities exchange. In this regard, the "in connection with" a purchase or sale aspect is satisfied

if you find that the Defendant used material, nonpublic information for the purpose of securities

trading, even though there is no evidence that other purchasers or sellers were harmed.

> Adapted from the charge of the Hon. Richard J. Holwell, United
> States v. Rajaratnam, 09 Cr. 1184 (RJH); the charge of the Hon.
> Richard J. Sullivan, United States v. Steinberg, 12 Cr. 121 (RJS);
> the charge of the Hon. Robert P. Patterson, United States v.
> Naseem, 07 Cr. 610 (RPP); and the charge of the Hon. Richard J.
> Sullivan, United States v. Contorinis, 09 Cr. 1083 (RJS); see also
> United States v. Teicher, 987 F.2d 112, 121 (2d Cir. 1993) ("unlike
> a loaded weapon which may stand ready but unused, material
> information can not lay idle in the human brain.")

<u>REQUEST NO. 21: Second Element</u>
<u>Knowledge, Intent and Willfulness</u>
Counts Two and Three: Securities Fraud

The second element of the substantive offenses charged in Counts Two and Three that the Government must prove beyond a reasonable doubt is that the defendant participated in the insider trading scheme alleged in a particular count knowingly, willfully, and with intent to defraud. To "participate" in a scheme to defraud means to associate oneself with it with a view and intent to make it succeed. I have already explained to you what is meant by "knowingly" and "willfully," and you should apply those definitions here.

A. <u>Conscious Avoidance</u>

In addition to what I explained to you earlier, in determining whether the defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious to him. If you find that the defendant acted with a conscious purpose to avoid learning the truth, then this knowledge requirement may be satisfied.

However, I would like to point out that the necessary knowledge on the part of the defendant with regard to each of the charges cannot be established by showing that the defendant was careless, negligent, or foolish. On the other hand, one may not willfully and intentionally remain ignorant of a fact important to his conduct in order to escape the consequence of criminal law. Thus, for example, if you find beyond a reasonable doubt that the defendant was aware that there was a high probability that he obtained inside information about a company because a tipper breached his duty of trust and confidence, but that the defendant deliberately and consciously avoided confirming this fact, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the defendant actually believed that the information did not come to him as a result of a breach of duty. In other words, a

34

defendant cannot avoid criminal responsibility for his own conduct by "deliberately closing his eyes," or remaining purposefully ignorant of facts which would confirm to him that he was engaged in criminal conduct.

### B.  Intent to Defraud

For the defendant to have acted with the specific intent to defraud means that he must have known of the fraudulent nature of the scheme and acted with the intent that it succeed.  In other words, to act with an intent to defraud means to act knowingly and with a specific intent to deceive, ordinarily – but not necessarily – for the purpose of bringing some gain to oneself, or to cause some loss to another.

It is not required that the Government show that the defendant, in addition to knowing what he was doing and deliberately doing it, also knew that he was violating some particular federal statute.  But the defendant must have acted with the intent to help carry out some essential step in the execution of the scheme to defraud that is alleged in the Indictment.

The question of the defendant's intent is a question of fact that you are called upon to decide, just as you determine any other fact at issue.  Intent to defraud involves the state of a person's mind and the purpose with which he or she acted at the time the acts in question occurred.  Direct proof of knowledge and fraudulent intent is almost never available, and is not required to find that such proof existed.  It would be a rare case where it could be shown that a person wrote or stated that as a result of a given time in the past he committed an act with fraudulent intent.  Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence and the

rational or logical inferences that may be drawn therefrom.  Circumstantial evidence, if believed, is of no less value than direct evidence.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of securities fraud.  It is for you to decide whether the defendant acted in good faith or not.  If you decide that the defendant at all relevant times acted in good faith, it is your duty to acquit him.  That is because, however misleading or deceptive conduct may have been, the law is not violated if the defendant acted in good faith and held an honest belief that his actions were proper and not in furtherance of any illegal venture.  The defendant has no burden to establish the defense of good faith, however. The burden is on the Government to prove criminal intent and consequent lack of good faith beyond a reasonable doubt.

In sum, if you find that the defendant was not a knowing participant in the scheme or lacked the intent to defraud, you must acquit the defendant.  On the other hand, if you find that the Government has established beyond a reasonable doubt not only the first element, namely, the existence of a scheme to defraud, but also the second element, that the defendant was a knowing participant and acted with intent to defraud, and if the Government also establishes the third element, as to which I am about to instruct you, then you must convict the defendant.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 57-24; the charge of the Hon. Jed S. Rakoff, United States v. Whitman, 12 Cr. 125 (JSR); the charge of the Hon. Richard J. Sullivan, United States v. Steinberg, 12 Cr. 121 (RJS); the charge of the Hon. Richard J. Sullivan, United States v. Contorinis, 09 Cr. 1083 (RJS); the charge of the Hon. Robert P. Patterson, United States v. Naseem, 07 Cr. 610 (RPP); and the charge of the Hon. Kimba M. Wood, United States v. McDermott, 00 Cr. 61 (KMW).
>
> Conscious avoidance charge adapted from Sand, Modern Federal Jury Instructions, Instr. 3A-2.  See also United States v. Mang

Sun Wong, 884 F.2d 1537, 1541-43 (2d Cir. 1989) (expressly approving charge); cert. denied, 493 U.S. 1082 (1990); United States v. Aina-Marshall, 336 F.3d 167, 170 (2d Cir. 2003) ("a conscious avoidance instruction may be given only (i) when a defendant asserts the lack of some specific aspect of knowledge required for conviction, and (ii) the appropriate factual predicate for the charge exists, *i.e.*, the evidence is such that a rational juror may reach the conclusion "beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact"); see also United States v. Ferrarini, 219 F.3d 145, 154 (2d Cir. 2000) ("A conscious avoidance instruction permits a jury to find that a defendant had culpable knowledge of a fact when the evidence shows that the defendant intentionally avoided confirming the fact").

REQUEST NO. 22: Third Element
Instrumentality of Interstate Commerce
Counts Two and Three: Securities Fraud

The third and final element that the Government must prove beyond a reasonable doubt is that the defendant knowingly used, or caused to be used any instrumentalities of interstate commerce, or used or caused to be used a facility of a national securities exchange in furtherance of the scheme to defraud.

The term "instrumentalities of interstate commerce" means instruments, devices, and means of conducting trade, commerce, transportation, or communication among any two states. Instrumentalities of interstate commerce include the use purely within one state of a telephone or any other instrument used to conduct interstate communication.

I instruct you that the New York Stock Exchange, the National Association of Securities Dealers Automatic Quotation System (which is known as the NASDAQ), the American Stock Exchange, and the Chicago Board Options Exchange, are all national securities exchanges.  The Government need not prove that the defendant directly or personally was involved in any use of an instrumentality of interstate commerce or use of any facility of a national securities exchange.

It is enough if you find that the defendant, by his acts, directly or indirectly initiated the steps, or induced others to initiate steps that resulted in a chain of cause and effect resulting in the use of an instrumentality of interstate commerce, or use of a facility of a national securities exchange.  This could mean something such as placing a telephone call or placing an order with a trader or brokerage firm to buy or sell a security on a national exchange.

It is not necessary that the items sent through an instrumentality of interstate commerce did or would contain any fraudulent material, or anything criminal or objectionable.  The matter

communicated may be entirely innocent so long as it is in furtherance of the scheme to defraud or fraudulent conduct.

The use of any instrumentality of interstate commerce need not be central to the execution of the scheme.  All that is required is that the use of any instrumentality of interstate commerce bear some relation to the object of the scheme or fraudulent conduct.

> Adapted from the charge of the Hon. Richard J. Sullivan, <u>United States</u> v. <u>Steinberg</u>, 12 Cr. 121 (RJS); the charge of the Hon. Valerie E. Caproni, <u>United States</u> v. <u>Riley</u>, 13 Cr. 339 (VEC); and the charge of the Hon. Robert P. Patterson, <u>United States</u> v. <u>Naseem</u>, 07 Cr. 610 (RPP).

REQUEST NO. 23: Aiding and Abetting
Counts Two and Three: Securities Fraud

In the substantive counts in the Indictment (Counts Two and Three), the defendant is charged as an aider and abettor as well as a principal.  The aiding and abetting statute reads, in part, as follows:

> Whoever commits an offense against the United States or aids, abets, counsel, commands, induces, or procures its commission, is punishable as a principal.

Under the aiding and abetting statute, it is not necessary for the Government to show that the defendant himself physically committed the crime with which he is charged in order for you to find him guilty.  Thus, if you do not find beyond a reasonable doubt that the defendant himself committed the crime charged, you may, under certain circumstances, still find that defendant guilty of that crime as an aider or abettor.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.  Accordingly, you may find the defendant guilty of the substantive crime you are considering if you find that the Government has proved beyond a reasonable doubt that another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the crime.

As you can see, the first requirement is that another person has committed the crime charged.  Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place.  But if you do find that a crime was committed by another, then you must consider whether the defendant aided or abetted the commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant willfully and knowingly associate himself in some way with the crime, and that the defendant

40

willfully and knowingly cause an act to be done to help the crime succeed.  Participation in a

crime is willful if action is taken voluntarily and intentionally, or, in the case of a failure to act,

with the specific intent to fail to do something the law requires to be done; that is to say, with a

bad purpose either to disobey or to disregard the law.  It does not mean, however, that the

defendant himself need have physically committed the crime or supervised or participated in the

actual criminal conduct charged in the Indictment.

Moreover, the mere presence of the defendant where a crime is being committed, even

coupled with knowledge by the defendant that a crime is being committed, or the mere

acquiescence by the defendant in the criminal conduct of others, even with guilty knowledge, is

not sufficient to establish aiding and abetting.  An aider and abettor must have some interest in

the criminal venture.

To determine whether the defendant aided or abetted the commission of the crime with

which he is charged, ask yourself these questions:

- Did the defendant participate in the crime charged as something he wished to
  bring about?

- Did the defendant associate himself with the criminal venture knowingly and
  willfully?

- Did the defendant seek by his actions to make the criminal venture succeed?

If the defendant did, then he is an aider and abettor, and is therefore guilty as an aider and

abettor of the offense.  If the defendant did not, then he is not an aider and abettor, and is not

guilty as an aider and abettor of the offense.

> Adapted from the charge of the Hon. Loretta A. Preska, United
> States v. Cespedes, 00 Cr. 390 (LAP) ; and Sand, Modern Federal
> Jury Instructions, Instr. 11-1 and 11-2.

<u>REQUEST NO. 24: Willfully Causing a Crime</u>
Counts Two and Three: Securities Fraud

With respect to the substantive Counts Two and Three, the defendant is also guilty if you find beyond a reasonable doubt that he willfully caused the offense charged in the count you are considering. Section 2(b) of the aiding and abetting statute, which relates to willfully causing a crime, reads as follows:

> Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States [shall be guilty of a federal crime].

What does the term "willfully caused" mean?  It means that the defendant himself need not have physically committed the crime or supervised or participated in the actual criminal conduct charged in the Indictment.  The meaning of the term "willfully caused" can be found in the answers to the following questions:

<u>First</u>, did the defendant take some action without which the crime would not have occurred?

<u>Second</u>, did the defendant intend that the crime would be actually committed by others?

If you are persuaded beyond a reasonable doubt that the answer to both of these questions is "yes," then the defendant is guilty of the crime charged just as if the defendant himself had actually committed it.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 11-3. <u>See</u> <u>also</u> <u>United States</u> v. <u>Concepcion</u>, 983 F.2d 369, 383-84 (2d Cir. 1992); <u>United States</u> v. <u>Sliker</u>, 751 F.2d 477, 494 (2d Cir. 1984); <u>United States</u> v. <u>Margiotta</u>, 688 F.2d 108 (2d Cir. 1982); <u>United States</u> v. <u>Gleason</u>, 616 F.2d 2 (2d Cir. 1979); <u>United States</u> v. <u>Kelner</u>, 534 F.2d 1020, 1022-23 (2d Cir. 1976).

REQUEST NO. 25: Inside Information Does Not Have to Be Sole Reason for Trading
Counts Two and Three: Securities Fraud

To prove the defendant guilty of insider trading, the Government must prove that the defendant purchased a security on the basis of material non-public information he obtained from a breach of a duty.  The Government is not required, however, to prove that the defendant purchased the security solely because of the material, non-public information that he possessed. With respect to the transactions which are the subject of the insider trading charges of the Indictment, it is sufficient that the material, non-public information was at least a factor in the defendant's decision to buy the security.

> Adapted from the charge of the Hon. Jed S. Rakoff, United States v. Whitman, 12 Cr. 125 (JSR); 17 C.F.R. Section 240.10b5-1(b)("a purchase or sale of a security of an issuer is 'on the basis of' material non-public information about that security or issuer if the person making the purchase or sale was aware of the material non-public information when the person made the purchase or sale," subject to certain affirmative defenses); United States v. Teicher, 987 F.2d 112, 119-20 (2d Cir. 1993)(rejecting argument that Government must prove causal connection between insider information and defendant's trading); United States v. Royer, 549 F.3d 886, 899 (2d Cir. 2008)(granting Chevron deference to Rule 10b5-1 and adhering to the knowing possession standard articulated in Teicher).

<u>Additional Charges</u>

<u>REQUEST NO. 26: Proof of Profit Not Necessary</u>
Additional Charges

It does not matter whether the alleged unlawful conduct charged in any of the counts of

the Indictment was successful or not, or that the defendant profited or received any financial

benefits as a result of the alleged scheme.  Success is not an element of any of the crimes

charged.

> Adapted from the charge of the Hon. Richard J. Sullivan, <u>United States</u> v. <u>Goffer</u>, 10 Cr. 56 (RJS); the charge of the Hon. Richard J. Sullivan, <u>United States</u> v. <u>Contorinis</u>, 09 Cr. 1083 (RJS); and the charge of the Hon. Robert P. Patterson, <u>United States</u> v. <u>Naseem</u>, 07 Cr. 610 (RPP).

REQUEST NO. 27: Securities Fraud – Venue
Additional Charges

In addition to the foregoing elements of securities fraud, you must consider the issue of venue, namely whether any act in furtherance of the unlawful activity occurred within the Southern District of New York, which as I instructed you before includes Manhattan. Such an act would include, for example, the placing of a telephone call to or from the Southern District of New York or the placement or settlement of a securities trade within this District.

As to this venue requirement only, the Government need not meet the burden of proof beyond a reasonable doubt. On this venue requirement only, the Government meets its burden of proof if it establishes by a preponderance of the evidence that an act in furtherance of the crime occurred within this District. A preponderance of the evidence means that something is more likely than not.

> Adapted from the charge of the Hon. Loretta A. Preska, United States v. Cespedes, 00 Cr. 390 (LAP) ; and Sand, Modern Federal Jury Instructions, Instr. 3-11.

REQUEST NO. 28: Particular Investigative Techniques Not Required
Additional Charges

[If applicable]

You have heard reference, in the arguments and cross-examination of defense counsel in this case to the fact that certain investigative techniques were not used by the Government. There is no legal requirement, however, that the Government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.  The Government is not on trial.  Law enforcement techniques are not your concern.  Your concern is to determine whether, on the evidence or lack of evidence, the defendant's guilt has been proven beyond a reasonable doubt.

> Adapted from the charges of the Hon. Richard J. Sullivan, United States v. Contorinis, 09 Cr. 1083 (RJS); the charge of the Hon. Pierre N. Leval, United States v. Mucciante, 91 Cr. 403 (PNL); and the charge of the Hon. John F. Keenan, United States v. Medina, 91 Cr. 894 (JFK).

REQUEST NO. 29: Stipulations
Additional Charges

[If applicable]

In this case you have heard evidence in the form of stipulations.  A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given the testimony.  However, it is for you to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations that contain facts that were agreed to be true.  In such cases, you must accept those facts as true.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 5-6 and 5-7; and the charge of the Hon. Pierre N. Leval, United States v. Mucciante, 91 Cr. 403 (PNL).

<u>REQUEST NO. 30: Uncalled Witnesses – Equally Available To Both Sides</u>
Additional Charges

[If applicable]

There are people whose names you heard during the course of the trial but did not appear to testify.  One or more of the attorneys has referred to their absence from the trial.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand, <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instr. 6-7;
the charge of the Hon. Richard J. Sullivan, <u>United States</u> v.
<u>Contorinis</u>, 09 Cr. 1083 (RJS). <u>See</u> <u>generally</u> <u>United States</u> v.
<u>Bahna</u>, 68 F.3d 19, 22 (2d Cir. 1995).

<u>REQUEST NO. 31: Expert Testimony</u>
Additional Charges

[If applicable]

You have heard testimony from what we call expert witnesses.  Expert witnesses are witnesses who, by education or experience, have acquired learning in a science or a specialized area of knowledge.  Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be experts and give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Your role in judging credibility applies to experts as well as to other witnesses.  You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert was not based on sufficient education, experience, or data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education, and experience, and the other evidence does not give you reason to doubt his or her conclusions, you would be justified in placing great reliance on the expert's testimony.

> Adapted from the charges of Judge Gerard E. Lynch in <u>United States</u> v. <u>Frank Summa</u>, 02 Cr. 101 (GEL), and from Judge John F. Keenan in <u>United States</u> v. <u>David Rosario</u>, 96 Cr. 126 (JFK); and from Judge Michael B. Mukasey in <u>United States</u> v. <u>Mensah</u>, 91 Cr. 705 (MBM) (S.D.N.Y. 1991).

49

<u>REQUEST NO. 32: Accomplice or Cooperating Witness Testimony</u>
Additional Charges

You have heard several witnesses who testified that they were actually involved in planning and carrying out certain of the crimes charged in the Indictment. There has been a great deal said about these so-called accomplice or cooperating witnesses in the summations of counsel and about whether you should believe them.

Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit participating in the alleged crimes at issue. The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution, because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

You may properly consider the testimony of such accomplices. If accomplices could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable. For these reasons, the law allows the use of accomplice testimony. Indeed, it is the law in federal courts that the testimony of a single accomplice witness may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

However, because of the possible interest an accomplice may have in testifying, an accomplice's testimony should be scrutinized with special care and caution. The fact that a witness is an accomplice can be considered by you as bearing upon his or her credibility. It does not follow, however, that simply because a person has admitted participating in one or more crimes, that he or she is incapable of giving a truthful version of what happened.

Like the testimony of any other witness, accomplice witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of his or her recollection, his

background, and the extent to which the testimony is or is not corroborated by other evidence in the case.

You may consider whether an accomplice witness – like any other witness called in this case – has an interest in the outcome of the case, and if so, whether it has affected his or her testimony.

You heard testimony about various agreements between the Government and the witnesses. I caution you that it is no concern of yours why the Government made an agreement with a witness. Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of accomplice witnesses, you should ask yourselves whether these accomplices would benefit more by lying, or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth? Did this motivation color his testimony?

If you find that the testimony was false, you should reject it. However, if, after a cautious and careful examination of an accomplice witness's testimony and demeanor on the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still

may accept his or her testimony in other parts, or you may disregard all of it.  That is a

determination entirely for you.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 7-5;
> the charge approved in United States v. Projansky, 465 F.2d 123,
> 136-37 n.25 (2d Cir.), cert. denied, 409 U.S. 1006 (1972); the
> charge of the Hon. John F. Keenan, United States v. Carrero, 91
> Cr. 365 (JFK); and see United States v. Gleason, 616 F.2d 2, 15
> (2d Cir.1979) ("Where the court points out that testimony of
> certain types of witnesses may be suspect and should therefore be
> scrutinized and weighed with care, such as that of accomplices or
> coconspirators . . . it must also direct the jury's attention to the fact
> that it may well find these witnesses to be truthful, in whole or in
> part." (citations omitted), cert. denied, 444 U.S. 1082 (1980);
> United States v. Cheung Kin Ping, 555 F.2d 1069, 1073 (2d Cir.
> 1977). See also United States v. Swiderski, 539 F.2d 854, 860 (2d
> Cir. 1976)(can be reversible error not to give accomplice witness
> charge if requested by defense).

<u>REQUEST NO. 33: Accomplice Testimony – Guilty Plea</u>
Additional Charges

You have heard testimony from Government witnesses who have pleaded guilty to

charges arising out of the same facts that are at issue in this case.  You are instructed that you are

to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from

the fact that one or more prosecution witnesses pleaded guilty to similar charges.  The decision

of those witnesses to plead guilty was a personal decision those witnesses made about their own

guilt.  It may not be used by you in any way as evidence against or unfavorable to the defendant

on trial here.

> Adapted from Sand, <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instr. 7-
> 110.  <u>See</u> <u>United</u> <u>States</u> v. <u>Ramirez</u>, 973 F.2d 102, 104-06 (2d Cir.
> 1992) (specifically approving charge and holding that it is
> reversible error not to give charge if requested, unless there is no
> significant prejudice to defendant).

<u>REQUEST NO. 34: Defendant's Testimony</u>
Additional Charges

[If defendant testifies]

A defendant in a criminal case does not have a duty to testify or come forward with any evidence.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to the defendant.  A defendant is never required to prove that he or she is innocent.

In this case, the defendant did testify and he was subject to cross-examination like any other witness.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 7-4;
the charge of the Hon. Richard J. Sullivan, <u>United States</u> v. <u>Pierce</u>,
06 Cr. 1032 (RJS).

<u>REQUEST NO. 35: Defendant's Right Not To Testify</u>
Additional Charges

[If requested by the defense]

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against the defendant may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-21,
and from the charge of Judge Gerard E. Lynch in <u>United States</u> v.
<u>Edwin Diaz</u>, 99 Cr. 1193 (GEL).

REQUEST NO. 36: Preparation of Witnesses
Additional Charges

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultations.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charge of the Hon. Michael B. Mukasey, United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM).

<u>REQUEST NO. 37: Law Enforcement Witnesses</u>
Additional Charges

[if applicable]

You have heard the testimony of law enforcement witnesses.  The fact that a witness may be employed as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness or witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 7-16. <u>See</u> <u>United States</u> v. <u>Ouimette</u>, 798 F.2d 47, 49 (2d Cir. 1986) (as a general rule, "it is inappropriate to charge that police officers testifying at trial are specially interested in the outcome of a case"), cert. denied, 488 u.s. 863 (1988).

<u>REQUEST NO. 38: Use of Recordings and Transcripts</u>
Additional Charges

The Government has offered evidence in the form of recordings of telephone calls which were obtained without the knowledge of the defendant and others, but with the consent and authorization of the court.  These recordings were lawfully obtained.  The use of this procedure to gather evidence is perfectly lawful and the Government is entitled to use such recordings in this case.

In connection with these tapes, the parties have been permitted to hand out and display transcripts of the matters spoken on the recordings.  Those documents were given to you as an aid or guide to you in listening to the recordings.  However, they are not in and of themselves evidence. The recordings are evidence, and the transcript is only for your assistance.  Therefore, when the recordings were played, I advised you to listen very carefully to the recording themselves.  You alone should make your own interpretation of what appears in the recordings based on what you heard. If you think you heard something different than what appeared on the transcript, then what you heard is controlling.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-9,
5-10, and 5-11; and the charge of the Hon. Pierre N. Leval, <u>United
States</u> v. <u>Mucciante</u>, 91 Cr. 403 (PNL). <u>See</u> <u>United States</u> v.
<u>Vasquez</u>, 605 67 F.2d 1269, 1272 & n.4 (2d Cir. 1979); <u>United
States</u> v. Llinas, 603 F.2d 506, 508-09 (5th Cir. 1979).

<u>REQUEST NO. 39: Redaction of Evidentiary Items</u>
Additional Charges

[If applicable]

We have, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document or tape was taken out.  You are to concern yourself only with the part of the item that has been admitted into evidence.  You should not consider any possible reason why the other part of it has been deleted.

REQUEST NO. 40: Summary Charts
Additional Charges

The parties have presented certain evidence in the form of charts and summaries. These exhibits purport to summarize the underlying evidence that was used to prepare them, and were shown to you to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater weight to these charts and summaries than you would give to the evidence on which they are based.

It is for you to decide whether the charts and summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 5-12, 513. See United States v. Pinto, 850 F.2d 927, 935-36 (2d Cir.) (upholding admission of summary charts and use in jury room during deliberations), cert. denied, 488 U.S. 867 (1988); United States v. Goldberg, 401 F.2d 644, 647-48 (2d Cir. 1968), cert. denied, 393 U.S. 1099 (1969); United States v. Johnson, 54 F.3d 1150, 1157-61 (4th Cir.), cert. denied, 516 U.S. 903 (1995).

60

REQUEST NO. 41: Character Testimony
Additional Charges

[If the defendant calls character witnesses]

During the trial, you heard testimony bearing on the character of the defendant.

Character testimony should be considered together with all the other evidence in the case in

determining the guilt or innocence of the defendant.  Evidence of good character may in itself

create a reasonable doubt where, without such evidence, no reasonable doubt would have

existed.  But if, on considering all the evidence, including the character evidence, you are

satisfied beyond a reasonable doubt that the defendant is guilty, a showing that he previously

enjoyed a reputation of good character does not justify or excuse the offense and you should not

acquit the defendant merely because you believe he is a person of good repute.

The testimony of a character witness is not to be taken by you as the witness's opinion as

to the guilt or innocence of the defendant.  The guilt or innocence of the defendant is for you

alone to determine and that should be based on all the evidence you have heard in the case.

Adapted from United States v. Fayette, 388 F.2d 728, 737 (2d Cir.
1968) and the charge of Judge Robert J. Ward in United States v.
Thweatt, 77 Cr. 553 (S.D.N.Y. Oct. 17, 1977)..  See United States
v. Kelly, 349 F.2d 720, 765 (2d Cir.) cert. denied, 384 U.S. 947
(1966); United States v. Kabot, 295 F.2d 848, 855 n.1 (2d Cir.
1961).

61

<u>REQUEST NO. 42: Similar Acts – Intent/Knowledge/Absence of Mistake</u>
Additional Charges

[If Applicable]

The Government has offered evidence it argues shows that on a different occasion the defendant engaged in conduct similar to the charges in the Indictment.

In that connection, let me remind you that the defendant only is on trial for committing the acts alleged in the Indictment.  Accordingly, you may not consider this evidence of similar acts as a substitute for proof that a defendant committed the crime charged.  Nor may you consider this evidence as proof that a defendant has a criminal personality or bad character.  This evidence of similar acts was admitted for a more limited purpose, namely, as potential evidence of the defendant's intent, knowledge, preparation, plan, motive, opportunity and absence of mistake, and you may consider it for those purposes only.

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident, or other innocent reason.

Evidence of similar acts may not be considered by you for any other purpose.  Specifically, you may not consider it as evidence that the defendant is of bad character or has a propensity to commit crimes.

Adapted from Sand, <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instrs. 5-25, 5-26.

<u>REQUEST NO. 43: Persons Not On Trial</u>
Additional Charges

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other people are not on trial before you now.  Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.


Adapted from the charge of Judge Lewis A. Kaplan in <u>United States</u> v. <u>Otis Parkes</u>, 03 Cr. 1364 (LAK).

<u>REQUEST NO. 44: Consciousness of Guilt from Evidence of False Exculpatory Statements</u>
Additional Charges

[If applicable]

You have heard some evidence in this case that the defendant made statements that the Government contends were false statements.  When a defendant voluntarily and intentionally offers an explanation intending to show his innocence, and that explanation is later shown to be false, you may consider whether that evidence points to a consciousness of guilt.  Ordinarily, it is reasonable to infer that a person who believes that he is innocent does not find it necessary to invent or fabricate an explanation or statement tending to establish his innocence.  Whether or not evidence as to the defendant's voluntary explanation points to a consciousness of guilt, and the significance, if any, to be attached to such evidence, are matters exclusively within your province.

> The charge of the Honorable Laura Taylor Swain in <u>United States</u> v. <u>Ellis Williams Gomez,</u>  06 CR 571 (LTS) (S.D.N.Y. 2007); the Honorable Loretta A. Preska in <u>United States</u> v. <u>David E. Wexler,</u> 03 Cr. 1150 (LAP) (S.D.N.Y. 2005); the charge of the Honorable George B. Daniels in <u>United States</u> v. <u>Fiorentino Zambrano,</u> 04 Cr. 670 (GBD) (S.D.N.Y. 2005); see <u>United States</u> v. <u>Gaviria,</u> 740 F.2d 174, 184 (2d Cir. 1984) ("[F]alse exculpatory statements made to law enforcement officials are circumstantial evidence of a consciousness of guilt and have independent probative force") (quoting <u>United States</u> v. <u>Johnson,</u> 513 F.2d 819, 824 (2d Cir. 1975)).

<u>REQUEST NO. 45: Variance in Dates and Amounts</u>
Additional Charges

It does not matter if a specific transaction is alleged to have occurred on or about a certain date or that it involved a specific number of shares or amount of money but the evidence indicates that in fact it was a different date or amount.  The law only requires a substantial similarity between the dates and amounts alleged in the Indictment and the dates and amounts established by the testimony or other evidence.  The same goes for most of the other factual contentions in the Indictment.


Adapted from <u>Sand, Modern Federal Jury Instructions</u>, Instr. 3-12.

<u>REQUEST NO. 46: Improper Considerations: Race, Religion, National Origin, Sex, or Age</u>
Additional Charges

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.  In reaching your decision as to whether the Government has sustained its burden of proof, it would be improper for you to consider any personal feelings – positive or negative – you may have about the defendant's race, religion, national origin, sex, or age.

Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national original, sex, or age of any of the witnesses involved in this case.  The defendant is entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Adapted from the charge of the Hon. Richard J. Sullivan, <u>United States</u> v. <u>Beltran</u>, 07 Cr. 804 (RJS).

<u>REQUEST NO. 47: Conclusion</u>
Additional Charges

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to each count in the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as juror to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.  Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict, do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

> Adapted from charge of the Honorable John F. Keenan in <u>United States</u> v. <u>Paa Smith</u>, 02 Cr. 104 (JFK) (S.D.N.Y. July 31, 2002); and the charge of the Honorable Arnold Bauman in <u>United States</u> v. <u>Soldaro</u>, 73 Cr. 167, Tr. at 2502-03 (S.D.N.Y. 1973).

[The Government respectfully requests that the Court close by instructing the jurors regarding the selection of a foreperson, communications with the Court during deliberations, provision of copies of the Indictment and jury charge, and the procedures regarding requests for particular exhibits or testimony.]

Dated: New York, New York
November 18, 2014

Respectfully submitted,

PREET BHARARA
United States Attorney
Southern District of New York

By:    /s/
Andrew Bauer
Jessica Masella
Damian Williams
Assistant United States Attorneys
Tel: 212-637-2354 / 2288 / 2298