# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

November 18, 2014

**BY ECF**

Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

Re:   United States v. Benjamin Durant, S3 12 Cr. 887 (ALC)

Dear Judge Carter:

On behalf of defendant Benjamin Durant, we respectfully submit this motion in limine to permit attorney-conducted voir dire.

The Court has "ample discretion in determining how to best conduct the voir dire." Rosales-Lopez v. United States, 451 U.S. 182, 189 (1981). Under Rule 24(a)(1) of the Federal Rules of Criminal Procedure, "[t]he court may examine prospective jurors or may permit the attorneys for the parties to do so."

"Far from an administrative empanelment process, voir dire represents jurors' first introduction to the substantive factual and legal issues in a case." Gomez v. United States, 490 U.S. 858, 874 (1989) (italics in original). It has been said that "voir dire may have little meaning if it is not conducted at least in part by counsel. The 'federal' practice of almost exclusive voir dire examination by the court does not take into account the fact that it is the parties, rather than the court, who have a full grasp of the nuances and the strength and weaknesses of the case." United States v. Ible, 630 F.2d 389, 395 (5th Cir. 1980). While attorney-conducted voir dire may be rare, it is appropriate in cases that present particularly nuanced facts and issues. See, e.g., United States v. Taveras, No. 04-CR-156 (JBW), 2006 WL 1875339, at *9-10 (E.D.N.Y. July 5, 2006) (permitting attorney-conducted voir dire "to ensure that counsel for both parties have the opportunity to plumb the venirepersons' views" on a variety of issues).

The Court should exercise its discretion to allow attorney-conducted voir dire in Mr. Durant's case. Insider-trading cases are legally and factually complex as a class, and the present case against Mr. Durant is unusual even by the standard of these cases. While it may seem, superficially, like a simple, one-stock case, the attenuation of the alleged tipping chain and the

Hon. Andrew L. Carter
November 18, 2014
Page 2 of 2

unusual nature of the duty that Trent Martin ("Martin") is alleged to have owed to Michael Dallas (identified in the indictment as "Attorney-1") make it much more complicated.

The parties should therefore be permitted to "plumb" prospective jurors' views on certain issues relating to Mr. Durant's alleged criminal liability. Id. at *9. Without that inquiry, there is a risk that the parties (and the Court) will be unable to identify prospective jurors with an improper predisposition to convict Mr. Durant based only on his alleged trades in SPSS options following the receipt of material, nonpublic information and without respect to his knowledge of Martin's alleged breach of duty. Only counsel is in an adequate position to conduct that inquiry. Accordingly, the Court should exercise its discretion to permit at least some attorney-conducted voir dire.

The defense has not yet reviewed the bulk of the approximately one million pages of discovery in this case. Additionally, the government has indicated that it intends to seek another superseding indictment against Mr. Durant. See Gov't Letter of November 12, 2014, Docket Entry No. 102, at 5 n.2. In consequence, we respectfully reserve the right to file additional motions in limine.

Respectfully submitted,

Peggy Cross-Goldenberg
Clay H. Kaminsky
Federal Defenders of New York
Attorneys for Defendant
        Benjamin Durant

cc:     Jessica Masella, Andrew Bauer, and A. Damian Williams,
        Assistant United States Attorney (by email)