**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
Executive Director
and Attorney-in-Chief

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

March 25, 2015

VIA ECF & EMAIL

Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

Re:   United States v. Benjamin Durant and Daryl Payton,
      12 Cr. 887 (ALC)

Dear Judge Carter:

We are counsel to Defendants Benjamin Durant and Daryl Payton in the above-captioned matter. We write seeking an enlargement of the Protective Order entered in this case on November 18, 2014 ("Protective Order") to permit us to provide materials acquired pursuant to 18 U.S.C. § 3500 ("3500 material"), including the FBI's form 302 reports, to Mr. Durant's and Mr. Payton's counsel in the parallel civil proceeding.

Mr. Durant has retained Gregory Morvillo from the law firm Morvillo LLP and Mr. Payton has retained Matthew Fishbein and Sean Hecker from the law firm of Debevoise & Plimpton LLP to represent them in *Securities and Exchange Commission v. Payton*, 14 Civ. 4644 (JSR), the parallel civil action ("Civil Action"). Civil defense counsel has requested that we provide documents and materials produced by the United States Attorney's Office ("USAO") in this case so that Mr. Payton and Mr. Durant may review them in connection with preparing their defense in the Civil Action. We have notified counsel that we are currently prevented from producing the 3500 material by the Protective Order.

Defense counsel in the Civil Action also requested the 3500 material from the USAO but were told (without explanation) that the USAO would not provide the 302 reports. Mr. Durant and Mr. Payton have both reviewed the 3500 material and FBI 302 reports in depth with their criminal defense attorneys and are certainly entitled to share this knowledge with their civil defense attorneys. Only unnecessary gamesmanship can justify denying the civil defense attorneys access to these items.

No meaningful privilege exists to protect these materials from civil discovery and they are crucial to Mr. Payton's and Mr. Durant's defense. In several previous civil enforcement

United States v. Benjamin Durant and Daryl Payton,       March 25, 2015
12 Cr. 887 (ALC)                                                    Page 2 of 2

actions by the SEC, the Government has attempted to assert the law enforcement privilege and/or the Privacy Act over 302 reports, but courts have consistently rejected these assertions and ordered the 302 reports produced.  *See*, *e.g.*, *SEC v. Chakrapani*, No. 09 Civ. 1043 (RJS), 2010 WL 2605819, at *7 (S.D.N.Y. June 29, 2010) (holding in insider trading case that Defendant's interest in obtaining "perhaps the most important evidence against him" outweighed the government's interest in preserving its tactical advantage and noting that "the government was well aware of the discrepancy between civil and criminal discovery rules when it, along with the SEC, chose to initiate parallel proceedings" against Defendant); *SEC v. Gowrish*, No. 09 Civ. 5883 (SI), 2010 WL 1929498, at *2 (N.D. Cal. May 12, 2010) (rejecting assertion of law enforcement privilege and Privacy Act over 302s in insider trading case); *SEC v. Shanahan*, No. 07 Civ. 270 (JCH), 2009 WL 1955747, at *2 (E.D. Mo. July 6, 2009) (rejecting assertion of law enforcement privilege over 302 reports).  The Government's interest in maintaining a tactical advantage here is even lower than it was in *Chakrapani* given the dismissal of the above captioned action.

      For these reasons, we request that the Protective Order be amended to allow defense counsel in this action be permitted to produce the 3500 materials to defense counsel in the Civil Action.  Defendants stand ready and willing to enter into a protective order in the Civil Action governing the confidentiality of any 3500 material.

Respectfully submitted,
/s/
Clay Kaminsky
Federal Defenders of New York

*Attorneys for Benjamin Durant*

/s/
James Roth
Stampur & Roth

Lloyd Epstein
Epstein & Weil, LLC

*Attorneys for Daryl Payton*

cc:   Jessica Masella, U.S. Attorney's Office (via email)
      Andrew Bauer, U.S. Attorney's Office (via email)
      A. Damian Williams, U.S. Attorney's Office (via email)
      Gregory Morvillo, Morvillo LLP (via email)
      Robert CMorvillo, Morvillo LLP (via email)
      Matthew Fishbein, Debevoise & Plimpton LLP (via email)
      Sean Hecker, Debevoise & Plimpton LLP (via email)
      Catherine Pappas, Securities and Exchange Commission (via email)
      David Axelrod, Securities and Exchange Commission (via email)